IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

January 31, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

E1999-02558-COA-R3-CV

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | ) ) ) | BLOUNT COUNTY 03A01-9905-CV-00179 |
| Plaintiff-Appellee | ) ) ) ) | |
| v. | ) ) ) | HON. W. DALE YOUNG, JUDGE |
| BRIAN HOWARD, BARBARA CRESSE, AND CHARLES TOLFA, PERSONAL REPRESENTATIVE OF THE ESTATE OF SHEILA K. TOLFA, THE ESTATE OF BRIDGETT WINGO, AND TERRY MORTON | ) ) ) ) ) ) | |
| Defendants-Appellants | ) | VACATED AND REMANDED |

LOUIS A. MCELROY, II AND TOBY R. CARPENTER OF KNOXVILLE FOR
APPELLANT BARBARA CRESSE

CHARLES DUNGAN OF MARYVILLE FOR APPELLANT TERRY MORTON

PAUL E. DUNN AND STEVE ERDELY, IV OF KNOXVILLE FOR APPELLEE

O P I N I O N

Goddard, P.J.

This is an appeal from the Circuit Court's grant of

summary judgment in favor of State Farm Mutual Automobile

Insurance Company (hereinafter "State Farm"). Barbara Cresse,

Defendant-Appellant, raises the following issue, which we

restate:

> Whether the trial court erred by granting summary
> judgment on the grounds that Brian Howard was a
> resident of Sheila Tolfa's household at the time of the
> automobile accident?

On June 18, 1994, Brian Howard was driving Sheila Tolfa's 1993 Chevrolet Camaro when an accident occurred. Sheila Tolfa and her daughter, Bridgett Wingo, died from their injuries sustained in the accident. At the time of the accident, Brian Howard had an insurance policy in effect with State Farm.

A statement by Brian Howard was taken on November 3, 1994. Mr. Howard stated that he stayed at Mrs. Tolfa's apartment five or six nights a week immediately prior to the accident. Mr. Howard stated that he spent the majority of his spare time at Mrs. Tolfa's apartment for three and a half months prior to the accident. He did not pay any rent, but the telephone bill was in his name and he paid the bill. Mr. Howard stated that Mrs. Tolfa usually paid the utility bill, but he had given Mrs. Tolfa money for the two months prior to the accident for the utility bill. He paid for groceries occasionally and for gas and oil changes for Mrs. Tolfa's car. Mr. Howard possessed a key to Mrs. Tolfa's apartment and a key to her automobile. Some of Mr. Howard's clothes and personal care items were kept at Mrs. Tolfa's apartment. The remainder of his possessions were kept at his mother's house.

On August 13, 1997, Mr. Howard testified at his deposition. He affirmed his prior recorded statement. Mr. Howard testified that his bedroom furniture, weapons, dog and snake remained at his mother's house. He did not pay rent or any other expenses at his mother's house. He received most of his mail at his mother's house, except for Mrs. Tolfa's telephone bill. The telephone bill, which was registered in Mr. Howard's name, was sent to Mrs. Tolfa's apartment. Mr. Howard testified that he and Mrs. Tolfa both drove Mrs. Tolfa's automobile. He occasionally drove her car alone for oil changes and other

errands.  Mr. Howard testified that he would ask for Mrs. Tolfa's permission to drive her car.

Barbara Cresse, Mrs. Tolfa's mother, testified at her deposition regarding the living arrangements of Mr. Howard and Mrs. Tolfa.  Mrs. Cresse testified that Mrs. Tolfa lived in a two-bedroom apartment with her daughter, Bridgett Wingo.  The apartment was leased in Mrs. Tolfa's name for a year.  Approximately one month prior to the accident, Mrs. Tolfa made statements which led Mrs. Cresse to believe that Mr. Howard was spending the weekends at Mrs. Tolfa's apartment.  Mrs. Cresse testified that she did not think Mr. Howard spent any week nights at Mrs. Tolfa's apartment.  After the accident, Mrs. Cresse removed all items from Mrs. Tolfa's apartment.  Mrs. Cresse found some of Mr. Howard's clothes in Mrs. Tolfa's apartment.

Lucy Bowser, Mr. Howard's mother, testified by deposition that Mr. Howard had a bedroom and a storage room at her home.  According to Mrs. Bowser, Mr. Howard performed property maintenance and lawn care for her instead of paying rent.

On February 8, 1995, State Farm filed a complaint for declaratory relief asserting that Brian Howard was precluded from coverage for the accident.  Pursuant to the insurance contract, Brian Howard's coverage extended to "non-owned" cars.  The pertinent definition of a non-owned car is "a car not owned, registered or leased by . . . any other person residing in the same household as you."  State Farm contended that Brian Howard and Sheila Tolfa resided in the same household at the time of the accident.  On December 3, 1998, State Farm filed a motion for

summary judgment.  The Circuit Court found that Mr. Howard was a resident of Mrs. Tolfa's household and granted State Farm's motion for summary judgment.  Mrs. Cresse and Terry Morton pursued this appeal.

Our standard of review for a trial court's action on a summary judgment motion is *de novo* without a presumption of correctness because our inquiry is purely a question of law. Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995).  An evaluation of a summary judgment motion must address these questions: "(1) whether a factual dispute exists; (2) whether the disputed fact is material to the outcome of the case; and (3) whether the disputed fact creates a genuine issue for trial." Byrd v. Hall, 847 S.W.2d 208, 214 (Tenn. 1993).  The Tennessee Supreme Court stated that the "test for a 'genuine issue' is whether a reasonable jury could legitimately resolve the fact in favor of one side or the other." Byrd, 847 S.W.2d at 215.  In a motion for summary judgment, the evidence must be viewed in a light most favorable to the nonmoving party, and all reasonable inferences must be made in the nonmoving party's favor. Byrd, 847 S.W.2d at 210.  Summary judgment is appropriate if both the facts and conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. See Guiliano v. Cleo, Inc., 995 S.W.2d 88, 94 (Tenn. 1999).

The Appellants claim the Circuit Court erred in granting summary judgment because there are material facts in dispute.  The material facts disputed by the Appellants are the frequency with which Brian Howard stayed at Sheila Tolfa's apartment and whether the relationship was "headed toward marriage."  Both of these facts are important elements in determining whether Mr. Howard was a resident of the same

4

household as Sheila Tolfa.  Additionally, the Appellants dispute the conclusion that Mr. Howard was a resident of Sheila Tolfa's household.  Reviewing the evidence in the record, we find the record does not establish that only one conclusion can be drawn from the facts adduced.  Because there are material disputed facts which create a genuine issue for trial, the trial court inappropriately granted summary judgment in favor of State Farm.

For the foregoing reasons the judgment of the Circuit Court is vacated and the cause remanded for further proceedings consistent with this opinion.  Costs of appeal are adjudged against State Farm.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
D. Michael Swiney, J.